FILED                      RECEIVED
ENTERED             SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 1 3 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Renard T. Polk,

Plaintiff,

v.

Robert Jones, et. al.,

Respondents.

Case No. 3:16-cv-00250-MMD-WGC

**REPORT & RECOMMENDATION OF
U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Renard T. Polk, who is currently incarcerated within the Nevada Department of Corrections (NDOC) at Ely State Prison (ESP), has filed an application to proceed in forma pauperis (IFP). (ECF No. 1.) Polk has also filed what he describes as a consolidated motion to vacate, quash, annul, arrest, alter, amend and/or for relief from judgment. (ECF No. 1-1.) In effect, he challenges judgments entered in two cases he has filed within this district: 3:05-cv-00252-RCJ-VPC and 3:08-cv-00134-LRH-VPC. He references Federal Rules of Civil Procedure 50(a), 52(b), 59, 59(e), and 60. He names as respondents District Judges Robert Jones, Miranda Du, and Larry Hicks. (ECF No. 1-1 at 1.)

## I. IFP APPLICATION

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

1    In addition, the Local Rules of Practice for the District of Nevada provide: "Any person,

2  who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed

3  *in forma pauperis*. The application shall be made on the form provided by the Court and shall

4  include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

5  LSR 1-1.

6    "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

7  particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

8  (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be

9  absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours &*

10  *Co.*, 335 U.S. 331, 339 (1948).

11    When a prisoner seeks to proceed without prepaying the filing fee:
      [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall
12    submit a certified copy of the trust fund account statement (or institutional
      equivalent) for the prisoner for the 6-month period immediately preceding the
13    filing of the complaint or notice of appeal, obtained from the appropriate official
      of each prison at which the prisoner is or was confined.
14  28 U.S.C. § 1915(a)(2).Notwithstanding the foregoing:

15    [I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be
      required to pay the full amount of a filing fee. The court shall assess and, when
16    funds exist, collect, as a partial payment of any court fees required by law, an
      initial partial filing fee of 20 percent of the greater of--
17    (A) the average monthly deposits to the prisoner's account; or
      (B) the average monthly balance in the prisoner's account for the 6-month period
18    immediately preceding the filing of the complaint of notice of appeal.
      (2) After payment of the initial partial filing fee, the prisoner shall be required to
19    make monthly payments of 20 percent of the preceding month's income credited
      to the prisoner's account. The agency having custody of the prisoner shall forward
20    payments from the prisoner's account to the clerk of the court each time the
      amount in the account exceeds $10 until the filing fees are paid.
21

22  28 U.S.C. § 1915(b)(1), (2).

23    Polk's certified account statement indicates that his average monthly balance for the last

24  six months is $.01, and his average monthly deposits are $16.67.

25    Polk's application to proceed in forma pauperis should be granted; however, Polk  is

26  required to pay a partial initial filing fee in the amount of $3.33, and is required to pay the

27  remainder of the filing fee over time pursuant to 28 U.S.C. § 1915.

28

1

## II. SCREENING

2 **A. Standard**

3    28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court

4 determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon

5 which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

6 from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in

7 forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122,

8 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per

9 curiam).

10    Dismissal of a complaint for failure to state a claim upon which relief may be granted is

11 provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same

12 standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended

13 complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review

14 under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,

15 232 F.3d 719, 723 (9th Cir. 2000).

16    In reviewing the complaint under this standard, the court must accept as true the

17 allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976),

18 construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the

19 plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se

20 complaints are held to less stringent standards than formal pleadings drafted by lawyers, and

21 must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

22 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

23    A complaint must contain more than a "formulaic recitation of the elements of a cause of

24 action," it must contain factual allegations sufficient to "raise a right to relief above the

25 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

26 must contain something more...than...a statement of facts that merely creates a suspicion [of] a

27 legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and

28 Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough

1   facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*,

2   556 U.S. 662, 678 (2009).

3       A dismissal should not be without leave to amend unless it is clear from the face of the

4   complaint that the action is frivolous and could not be amended to state a federal claim, or the

5   district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

6   1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th

7   Cir. 1990).

8   **B. Motion**

9       Initially, it is noted that Polk names District Judges Jones, Hicks and Du as respondents

10   in this matter, presumably because they were assigned to the cases for which Polk seeks to set

11   aside judgments; however, Polk's filing does not include a discussion of a case involving District

12   Judge Du. Therefore, there is no issue with District Judge Du addressing this Report and

13   Recommendation. In addition, it was District Judge McKibben and not District Judge Jones that

14   granted the motion to dismiss Polk's federal habeas petition. (3:05-cv-00252-RCJ-VPC, ECF

15   No. 29.) Moreover, in an action for relief from judgment, the defendant(s) should be the

16   defendant(s) in the underlying action and not the district judges assigned to the action.

17       With respect to 3:05-cv-00252-RCJ-VPC, a federal habeas action, Polk states that Judge

18   Jones initially ordered the defendants to forego filing a motion to dismiss, but later permitted the

19   filing of such a motion. (ECF No. 1-1 at 2.) He claims that the judge presumed the Nevada

20   Supreme Court's decision denying State post-conviction relief was correct. (*Id.* at 2-3.) He

21   recounts that on July 4, 2004, and thereafter, the Eighth Judicial District Court in Clark County,

22   Nevada, scheduled a hearing for habeas relief which he contends would have entitled him to

23   relief and release. (*Id.* at 3.) He states that he tried to secure his presence at the hearing by filing

24   prison grievances and motions for transport, to no avail. (*Id.*) He goes on to assert that the court

25   proceeded to decision without him in excess of its jurisdiction. (*Id.*) He appealed the decision to

26   the Nevada Supreme Court, which found the issues waived and affirmed the lower court's order.

27   (*Id.* at 3-4.) He claims that Judge Jones's decision to dismiss the petition was likewise contrary to

28   federal law. (*Id.*)

1        With respect to Case 3:08-cv-00134-LRH-VPC, Polk asserts that Judge Hicks improperly

2   assumed facts not in evidence and issued decisions without authority. (ECF No. 1-1 at 7-8.)

3        Insofar as Polk references Rule 50(a)(2), that rule provides that a motion for judgment as

4   a matter of law, and such a motion must be made before the case is submitted to the jury. Polk's

5   motion is untimely as to both of the cases referenced as this motion has been filed years after

6   judgment has been entered in both cases.

7        Polk next references Rule 52(b), which permits the court to amend its findings of fact and

8   conclusions of law or the judgment on motion of a party filed "no later than 28 days after the

9   entry of judgment." A motion under Rule 52(b) is likewise untimely.

10       Rule 59 governs motions for new trial or motions to alter or amend a judgment. A motion

11  for new trial or to alter or amend a judgment must also be filed "no later than 28 days after the

12  entry of judgment." Fed. R. Civ. P. 59(b), (e). A motion under Rule 59 is likewise untimely with

13  respect to both of these cases.

14       Rule 60(a) permits the court to correct a clerical mistake or mistake arising from

15  oversight in judgment, but "after an appeal has been docketed in the appellate court and while it

16  is pending, such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ.

17  P. 60(a). Polk filed an appeal in case 3:08-cv-00134-LRH-VPC, and Judge Hicks was affirmed.

18  (3:08-cv-00134-LRH-VPC, ECF Nos. 35-37.) Therefore, the court may not take any action under

19  Rule 60(a). Polk also filed an appeal in case 3:05-cv-00252-RCJ-VPC (ECF No. 45), which

20  likewise precludes the court from taking action under Rule 60(a).

21       A party may also seek relief from final judgment under Rule 60(b), but such a motion

22  must be made "no more than a year after the entry of judgment or order or the date of the

23  proceeding." Fed. R. Civ. P. 60(c)(1). A motion made under Rule 60(b) is also untimely with

24  respect to both of the underlying actions.

25       Finally, while not specifically referenced by Polk, a party may file an independent action

26  to seek relief from judgment. *See U.S. v. Beggerly*, 524 U.S. 38, 118 S.Ct. 1862, 141 L.Ed.2d 32

27  (1998). Such an action is permitted only in exceptional circumstances to prevent grave

28

1    miscarriages of justice such as a fraud on the court. *See id*. The court finds that such

2    circumstances are not present here.

3         With respect to case 3:08-cv-00134-LRH-VPC, Polk asserts that Judge Hicks exceeded

4    his authority in issuing his orders. The undersigned disagrees. Polk filed a civil rights complaint

5    under 42 U.S.C. § 1983, which Judge Hicks screened pursuant to his authority under 28 U.S.C. §

6    1915A. (*See* 3:08-cv-00134-LRH-VPC, ECF No. 8.) Judge Hicks then dismissed the remaining

7    defendant and claims against him without prejudice because Polk failed to timely serve him with

8    the summons and complaint pursuant to Federal Rule of Civil Procedure 4(m). (3:08-cv-00134-

9    LRH-VPC, ECF No. 24.) The Ninth Circuit subsequently affirmed Judge Hicks. (3:08-cv-00134-

10   LRH-VPC, ECF No. 37.) Accordingly, there is no basis to maintain an independent action for

11   relief from judgment as to this action.

12        With respect to case 3:05-cv-00252-RCJ-VPC, Polk filed an amended federal petition for

13   writ of habeas corpus pursuant to 28 U.S.C. § 2254. (3:05-cv-00252-RCJ-VPC, ECF No. 12-

14   2778436.) A motion to dismiss the amended petition was filed. (3:05-cv-00252-RCJ-VPC, ECF

15   No. 18-2789104.) The motion to dismiss was granted. (3:05-cv-00252-RCJ-VPC, ECF No. 29.)

16        Polk now claims that the judgment in 3:05-cv-00252-RCJ-VPC should be vacated

17   because he was improperly prohibited from attending the hearing on his State habeas petition,

18   which rendered void the court's action denying his habeas petition as well as the Nevada

19   Supreme Court's subsequent order affirming the order. As a result, he likewise contends that the

20   order denying him federal habeas relief should also be vacated.

21        First, Polk failed to raise this argument in his federal petition even though he would have

22   known about it at that time. Notably, he did not raise it in his appeal of the State habeas petition.

23   Polk is essentially trying to raise a ground for federal habeas relief that was not raised in his prior

24   petition. 28 U.S.C. § 2244(3)(A) provides: "Before a second or successive application permitted

25   by this section is filed in the district court, the applicant shall move in the appropriate court of

26   appeals for an order authorizing the district court to consider the application." Polk has not

27   obtained leave of court from the Ninth Circuit to file a successive petition. Therefore, the court

28   cannot consider this argument or afford Polk the relief he seeks.

1    Second, Polk's argument is unconvincing because the State habeas petition was fully

2    briefed and the State district court concluded an evidentiary hearing was not warranted. (3:05-cv-

3    00252-RCJ-VPC, ECF No. 19-2789105 at 189.) The Nevada Supreme Court likewise concluded

4    that Polk was not entitled to relief on his petition, and that briefing and oral argument were

5    unwarranted. (3:05-cv-00252-RCJ-VPC, ECF No. 19-2789105 at 237.)

6    In sum, Polk has not presented circumstances rising to the level of a miscarriage of

7    justice sufficient to maintain an independent action for relief from judgment.

8    For these reasons, it is recommended that this action be dismissed with prejudice.

9    ### III. RECOMMENDATION

10   **IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

11   **(1) GRANTING** Polk's IFP application (ECF No. 1); however, pursuant to 28 U.S.C.

12   § 1915(b), he is still required to pay the full amount of the filing fee over time. Within thirty days

13   of the date of any order adopting and accepting this report and recommendation, Polk should be

14   required to pay an initial partial filing fee of $3.33. Thereafter, Polk should be required to make

15   monthly payments of twenty percent of the preceding month's income credited to his account to

16   be forwarded by the agency having custody over Polk to the Clerk of this court each time the

17   amount in Polk's account exceeds $10 until the filing fee is paid.

18   (2) Directing the Clerk to **FILE** the motion (ECF No. 1-1); and **DISMISSING** the action

19   **WITH PREJUDICE**. Polk should be advised:

20   1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

21   this Report and Recommendation within fourteen days of receipt. These objections should be

22   titled "Objections to Magistrate Judge's Report and Recommendation" and should be

23   accompanied by points and authorities for consideration by the district judge.

24   2. That this Report and Recommendation is not an appealable order and that any notice of

25   appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

26   until entry of judgment by the district court.

27   DATED: May 13, 2016.

28

                                         WILLIAM G. COBB
                                         UNITED STATES MAGISTRATE JUDGE