# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RENARD T. POLK,<br><br>                     Plaintiff,<br>    v.<br><br>ROBERT JONES, *et al*,<br><br>                    Defendants. | Case No. 3:16-cv-00250--MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 3) ("R&R") recommending the Court grant Plaintiff's *in format pauperis* ("IFP") application (ECF No. 1) and dismiss this action with prejudice. Plaintiff timely filed an objection to the R&R (ECF No. 4).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to

which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Plaintiff's objection, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendations. The Magistrate Judge correctly found that Plaintiff seeks to challenge and vacate judgments entered in two cases filed before the Court,[1] and has not presented exceptional circumstances giving rise to the level of miscarriage of justice to permit him to maintain a *separate* action for relief from judgments in these two cases. Upon reviewing the R&R and underlying briefs, this Court agrees with Magistrate Judge's recommendation. Plaintiff's recourse is to pursue remedies in each of the two cases, not file a separate action. Indeed, he has pursued his available remedies in these cases. In the 2008 Case, he appealed the Court's decision and the Ninth Circuit Court of Appeals affirmed. (2008 Case, ECF Nos. 35, 36, 37.)  In the 2005 Case, he is pursuing his appellate rights and filed motion to vacate, which the Court denied. (2005 Case, ECF Nos. 31, 41.)

Plaintiff has also moved for leave to file an interlocutory appeal *in forma pauperis.* (ECF No. 6.)  His motion will be denied as moot. To the extent Plaintiff is asking the Court to permit his IFP status to continue on appeal, his request is denied.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 3) is accepted and adopted in its entirety.

///

---

[1] The cases are 3:05-cv-00252-RCJ-VPC ("2005 Case") and 3:08-cv-00134-LRH-VPC ("2008 Case").

It is ordered that Plaintiff's IFP application (ECF No. 1) is granted; however pursuant to 28 U.S.C. 12 § 1915(b), he is still required to pay the full amount of the filing fee over time. Within thirty (30) days of the date of this order, Plaintiff will be required to pay an initial partial filing fee of $3.33. Thereafter, Plaintiff will be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his account to be forwarded by the agency having custody over plaintiff to the Clerk of this Court each time the amount in his account exceeds $10 until the filing fee is paid.

It is further ordered that the Clerk file the motion (ECF No. 1-1).

It is further ordered that this action is dismissed with prejudice.

It is further ordered that Plaintiff's motion for leave to proceed on interlocutory appeal *in forma pauperis* (ECF No. 6) is denied as moot.

This Court certifies that any *in forma pauperis* appeal from its order of dismissal would be frivolous or would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk is instructed to enter judgment in accordance with this Order and close this case.

DATED THIS 22nd day of December 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE